FRANCIS L. COOPER, trustee, appellant,

and

JOSEPHINE C. BROWNING, respondent.

A trustee sold a tract of land for $6,600, but had no power to sell a small part thereof, about one acre and a half—*Held*, that he must account for the

$6,600 after deducting therefrom an amount equivalent to the value of the acre and a half estimated according to the price per acre of the whole tract, and that he could not show, from a subsequent sale of adjoining lands by another person, that the value of the acre and a half was relatively greater than that of the rest of the tract which he had sold.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions :

This bill is filed to have the defendant account for moneys in his hands. The defendant sold certain lands which he held in trust for the complainant and five others. The particular tract which he so held in trust was contiguous to another tract containing one acre and one-half. In the latter the complainant had a seventh interest. The defendant sold the former tract, and undertook, at the same time, to sell the latter to one O'Brien. The price, he says, for the whole was $6,600, or about $80 per acre. The defendant had full authority to sell the larger parcel, but no authority whatever from the complainant to sell the smaller, and consequently failed to convey the one-seventh of the smaller parcel to O'Brien. This bill asks the trustee to account for the one-sixth of the purchase-price, $6,600, less the proportionate value of the acre and one-half, which is about $140. The defendant says this basis of distribution would be unjust, for the reason, as he claims, that the acre and one-half were worth more than the larger tract in proportion.

The suggestion of the defendant brings with it a difficulty which, to my mind, is insurmountable, namely, the ascertaining of the real interest of the complainant; in other words, in determining the comparative value of the acre and one-half to the whole. The defendant says this can be done by taking into consideration what the one and one-half acres and other lands adjoining sold for, some time after the former sale. It will be perceived that the element then brought into the case, if taken into the account, can only mislead; for who can tell the many circumstances or conditions which may have advanced or retarded the bidding at the latter sale? The last suggestion presents the fallacy of the reasoning of the defendant; for supposing the

Cooper *v.* Browning.

tract which was sold last had sold for one-half of the former, then, clearly, the defendant would not have invoked the rule which he now desires the court to enforce.

The chances of an advantageous or a disadvantageous bargain ran as well in favor or against the one as the other; O'Brien, as well as Mrs. Browning, ran the risk of loss. The fact that the Cooper farm was sold after the Burr farm, and before this bill was filed, is the only circumstance which rendered it at all plausible to raise this question. Had the Cooper farm not been sold, the right of the complainant to file this bill would have been complete; the fact of such sale intervening cannot increase nor diminish her rights in the proceeds of the sale of the Burr tract. As above suggested, if the Cooper farm had been sold for $40 an acre the result must have been the same; it could not have entered into the question now before me. I cannot but think that a moment's reflection will bring every unbiased mind to this conclusion.

I will advise a decree, giving to the complainant the one-sixth of $6,460, with interest from the time the defendant received the same.

*Mr. Herbert A. Drake,* for appellant.

*Messrs. Garrison & French,* for respondent.

PER CURIAM.

This decree unanimously affirmed for the reasons given by the vice-chancellor.